UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE NEGRON CARDONA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 10-1601 (JAF)

(Crim. No. 07-453)

**OPINION AND ORDER**

Petitioner, José Negrón-Cardona, brings this pro-se petition for relief from a federal court conviction pursuant to 28 U.S.C. § 2255. (Docket Nos. 1; 2; 7.) Respondent, the United States of America, opposes (Docket No. 6.), and Petitioner replies (Docket No. 8).

**I.**

**Factual and Procedural History**

We draw the following narrative from Petitioner's motion, Petitioner's supporting memorandum, the Government's Response, and Petitioner' Reply. (Docket Nos. 1; 2; 6; 8.) On November 7, 2008, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute at least (1) kilogram of heroin, fifty (50) grams or more of cocaine base ("crack"); five (5) kilograms or more of cocaine; and an unspecified quantity of marijuana, Oxycodone, and Alprazolam, all in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), (b)(2), and 860. (Crim. No. 07-453, Docket No. 1517 at 2.) He also pled guilty to the use and carry of firearms during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i). (Id.) In exchange, the government agreed to recommend dismissal of the four

Civil No. 10-1601 (JAF) -2-

remaining counts Petitioner was charged with in the superseding indictment. (Id.) On February 29, 2009, this court sentenced Petitioner to 211 months' imprisonment, and a supervised release term of ten years. (Id., Docket No. 1721.) Petitioner filed the present petition seeking relief under § 2255 on June 30, 2010. (Docket No. 1.)

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . .'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

## III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Petitioner argues that he suffered from ineffective assistance of counsel during the challenged proceedings.

Petitioner claims ineffective assistance of counsel based on the following alleged errors, namely that counsel: (1) failed to protest Petitioner's sentence based on the disparity between crack and cocaine recommended sentences in the U.S. Sentencing Guidelines; (2) failed to bring a direct appeal; (3) once again failed to object to the sentencing disparity under 18 U.S.C. § 3553(a); and (4) misled Petitioner as to the consequences of his plea agreement.

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To establish ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland, 466 U.S. at 686-96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687–91). To show prejudice in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In the context of a petitioner's claim that counsel's performance deprived him of an appeal, "we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." Roe v. Flores-Ortega, 528 U.S. 470, 486 (U.S. 2000). As for a petitioner's claims regarding the sentence imposed, while "he need not show that counsel's deficient conduct more likely than not altered the outcome of his sentencing proceeding, he must establish a probability sufficient to undermine confidence in [that] outcome." Peralta v. United States, 597 F.3d 74, 80 (1st Cir. 2010) (citations omitted) (internal quotation marks

omitted). A judge reviewing a habeas petition who also presided at trial and sentencing is in the best position to assess potential prejudice, and may "employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

### A. Failure to Object to the Sentencing Disparity Between Crack and Powder Cocaine

Petitioner has not shown that counsel's failure to make an objection based on the crack-cocaine sentencing disparity constituted deficient performance or resulted in prejudice. Petitioner ignores the fact that the recommended sentence was part of a bargain he struck with the government. By the time of the sentencing hearing, Petitioner's counsel could not have protested the recommended sentence without breaching the terms of his plea agreement, which explicitly prohibited both parties from seeking any further adjustments or departures from the recommended sentence. (Crim. No. 07-453, Docket No. 1517 at 5–6.) We find that counsel's objectively reasonable decision—not to breach such an agreement by making a futile objection during the sentencing phase—did not constitute deficient performance.[1]

Moreover, Petitioner cannot show his counsel's failure to remind us of the message of Kimbrough and its progeny. We were then, and are now, aware of Kimbrough and that a guidelines sentence is neither automatically nor presumptively reasonable, and repeatedly referred to the guidelines during the sentencing hearing as "advisory." (Crim. No. 07-453, Docket No. 1941 at 3, 5). Accordingly, after considering the plea agreement, in the context of the factors found in 18 U.S.C. § 3553(a), we imposed the recommended sentence, which fell

---

[1] For a case with similar reasoning, see United States v. Ortiz, 6 Fed. Appx. 46, 48 (1st Cir. 2001) (finding that counsel's "failure to breach the plea agreement could scarcely constitute ineffective assistance" when agreement forbade parties from seeking adjustments).

Civil No. 10-1601 (JAF) -5-

within the lower range of the applicable suggested guidelines sentence.[2] (Crim. No. 07-453, Docket No. 1941 at 5.) This court warned Petitioner at the change-of-plea hearing that his sentence was not "guaranteed," and explained that we were not bound by the agreement's recommended sentence, and that he might receive a more severe sentence than he expected. (Crim. No. 07-453, Docket No. 1881 at 10.)

**B.     Failure to File a Direct Appeal**

Petitioner claims that his counsel did not discuss his right of appeal after sentencing, and also alleges that he asked his trial counsel to appeal, but was ignored. (Docket No. 1 at 10.) The Supreme Court has held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Flores-Ortega, 528 U.S. at 477 (citing Rodriquez v. United States, 395 U.S. 327 (1969)). Additionally, counsel's performance may be deemed deficient if he had, and failed to satisfy, a duty to consult with Petitioner about his right of appeal. Id. at 480. In making this inquiry, however, a court must first determine if counsel actually had a duty to consult with Petitioner regarding his rights to appeal; this duty can arise "when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. In its post-hoc evaluation, a court should "take into account all the information counsel knew or should have known;" in the event of a guilty plea, the information to consider includes factors such as whether the defendant

---

[2] Petitioner asserts that had his counsel pushed for a "1-to-1" crack-to-cocaine ratio application, it would have resulted in a base level of 16, and a suggested sentence between 27–33 months for the conspiracy count alone, as opposed to 151 to 188 months. Petitioner overlooks the ten-year mandatory minimum sentence ordered by 21 U.S.C. § 841(a)(1), based on the stipulated amount of crack cocaine, which remains unaffected by Kimbrough and its progeny. See 552 U.S. at 106.

Civil No. 10-1601 (JAF) -6-

received the bargained-upon sentence or whether the plea contained a waiver of his appeal rights. Id. Petitioner must next establish prejudice by showing that "there is a reasonable probability that, were it not for his counsel's deficient performance, he timely would have appealed." Id. at 484.

We first consider whether counsel had a duty to consult with Petitioner about his appeal rights. We find that he did not. This court informed Petitioner that he was waiving his right of appeal as part of his guilty plea. Petitioner then obtained the benefit of his plea bargain, and received the recommended sentence. In the present case, counsel had no reason to think that a reasonable petitioner would have wanted to appeal. See Ryan v. United States, 97 F. Supp.2d 190, 195 (D. Mass. 2000) ("That Petitioner pled guilty and received the relatively lenient sentences bargained for weighs strongly against a finding that a rational defendant would wish to appeal."). His plea had a waiver of his right to appeal and, in the First Circuit, courts "will enforce knowing and voluntary waivers by defendants in plea agreements of their rights to appeal, except when it would work a miscarriage of justice." United States v. Newbert, 504 F.3d 180, 182 (1st Cir. 2007).

Next, Petitioner alleges, without giving any details, that he asked his counsel to appeal, but was ignored. (Docket No. 1 at 10.) Petitioner did not express any interest in appealing during his change-of-plea hearing, when this court explained that he was waiving his right to appeal, and has provided no factual basis in support of his self-serving allegation that he requested an appeal from his counsel.[3] Petitioner's trial counsel, however, has given his sworn

---

[3] Petitioner filed an appeal pro se over five weeks after the sentencing hearing. (Docket No. 6-1 at 1.) Counsel testified that he first learned of Petitioner's appeal when contacted by the Court of Appeals regarding this appeal. (Docket No. 11 at 12.)

Civil No. 10-1601 (JAF)                                                                              -7-

testimony that he explained the consequences of the waiver of appeal in the plea agreement to Petitioner, and Petitioner never actually asked him to file an appeal. (Docket No. 11 at 9.) Petitioner has provided neither factual support for this claim, nor any "other substantial reasons to believe that he would have appealed." Flores-Ortega, 528 U.S. at 486; see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (declaring that "conclusory allegations unsupported by specifics [are] subject to summary dismissal, as are contentions that in the face of the record are wholly incredible") . As Petitioner has failed to show that his counsel's performance was deficient, he cannot show that he was prejudiced by his counsel's performance.

C. **Failure to Raise Arguments Against Crack-Cocaine Sentencing Disparity Under 18 U.S.C. § 3553(a)**

Petitioner has essentially recycled his first argument, alleging that counsel failed to alert the court to the disparity in sentencing between crack and cocaine powder as a factor under 18 U.S.C. § 3553. We reject this claim, as we did in Part III.A.1. Counsel's failure to raise such an argument resulted in neither deficient performance nor prejudice. At sentencing, this court was well aware of the advisory nature of the guidelines, the issues surrounding the crack-cocaine powder sentencing discrepancy, and Petitioner's family and desire for rehabilitation that counsel brought to our attention. (See Crim. No. 07-453, Docket No. 1941 at 4, 5.) And, as discussed above in Part III.A.1., counsel could not have brought direct challenges to the recommended sentence without breaching the plea agreement.

D. **Failure to Explain Consequences of Guilty Plea**

We reject Petitioner's final claim—that counsel led him to plead guilty without understanding the consequences—as lacking a factual basis. During his change-of-plea hearing, this court clearly outlined the potential sentences Petitioner could face, explaining that the

Civil No. 10-1601 (JAF)                                                              -8-

lowest recommended sentence of fifteen years remained contingent on Petitioner's criminal history.[4] (Crim. No. 07-453, Docket No. 1881 at 12–13.) Petitioner stated that he understood when this court told him that "if you receive a sentence that is higher than what you expected, that by itself will not allow you to withdraw your plea." (Id. at 10.) Petitioner also affirmed that he had discussed his decision to plead with counsel. (Id. at 4.) Statements by Petitioner made at "such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings," and "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. at 74.

"In our case, there is no indication that the misinformation given to [Petitioner] at the Rule 11 hearing led him to expect a lesser penalty than he actually received. [Petitioner] had an extensive criminal record and therefore little basis to expect lenient treatment. . . ." United States v. Raineri, 42 F.3d 36, 42 (1st Cir. 1994). Petitioner cannot sustain his claim of ineffective assistance simply because the plea bargain did not result in a lower sentence, or because Petitioner felt he did not benefit from the bargain.[5] United States v. Wright, 873 F.2d 437, 441 (1st Cir. 1989). "A defendant's miscalculation—even a gross miscalculation—anent the likely length of his sentence does not render a guilty plea unknowing, involuntary, or

---

[4] At Petitioner's change of plea hearing, this court explained that his sentence depended upon divination of his criminal history. We explained that, in accordance with the plea agreement text, with a criminal history of one, the sentence would "be 121 to 151 months. If your guideline -- if your criminal history is 2, then that increases to 135 to 168 months. And, if it were a 3, it would be 151 to 188 months. To that, you have to add the 60 months for the weapon." (See Crim. No. 07-453, Docket No. 1941 at 12–13.) When asked whether he understood, Petitioner replied "yes." Id.

[5] Petitioner did, in fact, benefit from his plea agreement; four charges were dropped and he received a reduction for acceptance of responsibility; and, although charged with conspiracy to possess with intent to distribute a bevy of different substances, his recommended sentence was based on the stipulated amount of crack alone. (Crim. No. 07-453, Docket No. 1517.)

unintelligent in any legally cognizable sense." United States v. Torres-Rosa, 209 F.3d 4, 9 (1st Cir. 2000) (citing United States v. Gonzalez-Vazquez, 34 F.3d 19, 22 (1st Cir. 1994)).

## IV.
## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.
## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1; 2, 7). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 16th day of December, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge