IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSÉ NEGRÓN-CARDONA (8) <br><br> Defendant. | CRIMINAL NO. 07-453-8 (PAD) |

MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendant's "Motion for Sentence Reduction under Section 404 of the First Step Act of 2018" (Docket No. 3339), which the government opposed (Docket No. 3365). Defendant replied (Docket No. 3374). For the reasons that follow, the motion is GRANTED to reduce defendant's term of imprisonment on the drug count to 97 months.

I.   PROCEDURAL HISTORY

On August 22, 2008, defendant was charged in a Superseding Indictment with violating 21 U.S.C. §§ 846, 841(a)(1), b(1)(C), (b)(2), and 860, and 18 U.S.C. § 924(c)(1)(A)(B)(I), and 2 (Docket No. 1131). On November 7, 2008, he plead guilty pursuant to a plea agreement to Counts 1 and 6 (Docket No. 1517).[1] On February 27, 2009, he was sentenced to 151 months as to Count 1 and 60 months as to Count 6, to be served consecutively to each other, for a total of 211 months,

---

[1] As to Count 1, defendant accepted responsibility for at least 50 but less than 150 grams of cocaine base (Docket No. 1517, pp. 4, 5).

followed by 10 years of supervised release (Docket No. 1718). Judgment was entered accordingly (Docket No. 1721).[2]

On August 2, 2011, defendant moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) (Docket No. 2125).[3] The parties stipulated that defendant was eligible for a modification of sentence, agreeing to a sentence of 121 months of incarceration as to the drug count (Docket No. 2211, p. 2). The court reduced the sentence accordingly (Docket No. 2233).[4] On June 20, 2019, defendant requested relief under the First Step Act (Docket No. 3339). On August 14, 2019, the government opposed defendant's request (Docket No. 3365). On August 21, 2019, defendant informed that the parties were in negotiations (Docket No. 3366). Status reports followed (Docket Nos. 3368 and 3370). No agreement, however, was reached, and on April 4, 2020, defendant filed a "Supplemental Motion Submitting Post-Sentencing Rehabilitation Efforts under *Pepper*" (Docket No. 3461). On April 9, 2020, the government responded with an "Amended Opposition to Motion for Sentence Reduction Based on First Step Act of 2018" (Docket No. 3463).

---

[2] On May 7, 2009, defendant filed a notice of appeal (Docket No. 1783), but on January 7, 2010, the First Circuit dismissed the appeal (Docket No. 1955).

[3] According to 18 U.S.C. §3582(c)(2), "(c) modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that –(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

[4] Defendant then requested on two occasions that the sentence be reduced under Amendment 782 (Docket No. 2646 and 2817). After briefing and a Report and Recommendation the court denied the first motion and found the second motion moot (Docket No. 2709 and 2854).

## II.  DISCUSSION

### A. Statutory Framework

In 1986, Congress enacted the Anti-Drug Abuse Act of 1986, 100 Stat. 3207, setting forth mandatory minimum and maximum penalties for drug offenders, principally based on the variety and quantity of the drug involved in the offense. See, 21 U.S.C. § 841(b)(1)(A)-(C). The mandatory minimum was far more punitive for cocaine base ("crack cocaine") offenses than for those involving powder cocaine with the same quantities. So, employing a 100-1 crack-to-powder ratio, the statute imposed a mandatory minimum penalty of 5 years' imprisonment for possession with intent to distribute at least 5 grams of crack cocaine or 500 grams of powder cocaine, and 10 years' imprisonment for possession with intent to distribute not less than 50 grams of crack cocaine or 5,000 grams of powder cocaine. See, United States v. Pierre, 372 F.Supp.3d 17, 18 (D.R.I. 2019) (discussing topic). The U.S. Sentencing Commission incorporated the 1986 Drug Act's mandatory minimums into its first version of the Sentencing Guidelines, by having them closely track the low end of the mandatory statutory ranges. Id.

The 100:1 ratio, however, came under heavy criticism, leading Congress to address the disparity with the enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). See, United States v. Wirsing, 943 F. 3d 175, 177-178 (4th Cir. 2019)(describing statutory background). The Fair Sentencing Act reduced, but did not entirely eliminate these disparities, by increasing the threshold quantities of crack cocaine necessary to trigger mandatory minimum sentences, to 28 grams for the 5-year mandatory minimum (leaving powder at 500 grams) and to 280 grams for the 10-year mandatory minimum (leaving powder at 5 kilograms). See, United States v. Douglas, 644 F.3d 39, 40 (1st Cir. 2011)(analyzing provision). This had the effect of reducing the

United States v. José Negrón-Cardona
Criminal No. 07-453-8 (PAD)
Memorandum and Order
Page 4

powder-to-crack ratio from 100:1 to 18:1. Id.[5] The more lenient mandatory minimums applied to any offender who committed a crack cocaine offense before August 3, 2010 but was not sentenced until after that date. See, Pierre, 372 F.Supp. at 18 (so noting). Yet, sentences meted out before August 3, 2010 were left unchanged. Id.

In 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, making retroactive the crack cocaine minimums set in the Fair Sentencing Act. See, United States v. Smith, 954 F.3d 446, 448 (1st Cir. 2020)(addressing issue). Pursuant to Section 404(b) of the First Step Act, a court that imposed a sentence for a covered offense may impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 "were in effect at the time the covered offense was committed." Id. In turn, Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. Section 404(a). Thus, the First Step Act of 2018 effectively increases the retroactive range of the Fair Sentencing Act, extending its benefits to a class of crack cocaine defendants who were sentenced prior to August 3, 2010.

B. **Arguments**

Defendant argues that he is eligible for relief under the First Step Act because he committed a covered offense before August 3, 2010, and his statutory penalty was modified by Section 2 of the Fair Sentencing Act (Docket No. 3339). The government counters that defendant already received a sentence reduction under the Fair Sentencing Act back in 2011 (Docket No. 3365). Defendant replies that the previous sentence reduction was under 18 U.S.C. 3582(c)(2) and

---

[5] Not relevant here, Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for "simple possession" of cocaine base. See, Fair Sentencing Act, § 3, 124 Stat. at 2372 (codified at 21 U.S.C. § 844(a)).

Amendments 748 and 750, guideline amendments pursuant to Section 8, not under Sections 2 or 3 of the Fair Sentencing Act (Docket No. 3374).

Section 8 of the Fair Sentencing Act granted the Sentencing Commission emergency authority to issue conforming amendments, that is, amendments to the Sentencing Guidelines to reduce to offense levels in Section 2D1.1 of the Guidelines, given that those levels were keyed to the old 1:100 ratio set in the Drug Act of 1986. See, 124 Stat. 2374. Accordingly, the Commission issued Amendment 748, a temporary emergency amendment changing the base offense levels in its drug guideline, U.S.S.G. § 2D1.1. See, U.S.S.G. App. C., Amend. 748 (2010). A year later, the Commission issued Amendment 750, making permanent the changes made by Amendment 748. Id., Amend. 750 (2011). Thus, although the Fair Sentencing Act's statutory penalties were not retroactive, the Commission effectively made the guideline amendment retroactive pursuant to 28 U.S.C. § 994u and 18 U.S.C. § 3582 (C) (2).

From this perspective, when defendant's sentence in Count 1 was reduced in 2012 in line with Amendments 748 and 750, it was so reduced in accordance with Section 8 of the Fair Sentencing Act. But Congress tied First Step Act eligibility to Sections 2 and 3 of the Fair Sentencing Act, not to Section 8. As a result, a defendant is eligible for a reduction in the component of the sentence driven by crack cocaine under the First Step Act because the statutory penalties were modified. Eligibility is not driven by whether that defendant had previously benefitted from a reduction under 18 U.S.C. § 3582 (C) (2). See, United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) ("… [T]he fact that [defendant] received a sentence reduction based on a retroactive Guidelines Amendment does not affect his eligibility for a sentence reduction under

the First Step Act").[6]  Such is the case here, as the defendant was sentenced upon conviction of a covered offense within the meaning of Section 404 of the First Step Act.

That said, the fact defendant is eligible for a reduction does not mean the court is required to grant relief.  Section 404 (c) of the First Step Act provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  In consequence, "courts have discretion" to grant eligible defendants relief.  United States v. Abdullah, 410 F.Supp.3d 346, 349 (D.R.I. 2019).  Discretion is informed by reference to Congress' policy statements; a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today; the sentencing factors set forth in 18 U.S.C. § 3553(a); and post-sentencing mitigation and/or aggravation.  See, Abdullah, 410 F.Supp.3d at 350-351(articulating and applying formulation); Graves, 2019 WL 3161746 at 3-4 (similar).[7]

The First Step Act and the Fair Sentencing Act favor imposing shorter sentences for drug crimes by reducing the sentencing disparity between crack and powder cocaine offenses.  See, Abdullah, 410 F.Supp.3d at 350 (examining topic)(citing United States v. Simons, 375 F.Supp.3d 379, 382 (E.D.N.Y. 2019)(Weinstein, J.)).  The defendant accepted responsibility for between 50 and 150 grams of crack cocaine (Docket No. 1517, p. 4).  At the time of the sentencing in February 2009, this amount of crack cocaine triggered a Base Offense Level of 30.  Id.  Defendant received a 3-point enhancement for leadership, a 2-point increase for dealing drugs in a protected location, and a 3-point reduction for acceptance of responsibility, all of which yielded a Total Offense Level

---

[6] See also, United States v. Bennett, 2019 WL 3848942, *2 (W.D.Va. Aug. 15, 2019)(reducing sentence under First Step Act notwithstanding an earlier reduction under Section 3582 (C)(2)); United States v. Graves, 2019 WL 3161746, *3-5 (E.D. Tenn. July 15, 2019)(similar).

[7] See also, United States v. Rose, 379 F.Supp.3d 223, 235 (E.D.N.Y. 2019)(noting that consideration of post-sentencing rehabilitation is appropriate under Section 404 of the First Step Act).

of 32, which combined with a Criminal History Category of III, resulted in a Guideline Sentencing Range of 151-188 months, with a supervised release term of 10 years. Id. He was sentenced to 151 months on the drug count and 60 consecutive months on the firearms count for a total of 211 months' imprisonment. Id. Subsequently, the drug count was reduced to 121 months (Docket No. 2233).

Applying Section 404 of the First Step Act, responsibility for at least 28 grams but less than 112 grams of cocaine base leads to a Base Offense Level of either 24 or 26, plus a 2-level increase for a protected location, a 3-level increase on account of leadership, and a 3-level reduction for acceptance of responsibility.[8] A Base Offense Level of 24 translates into a Total Offense Level of 26, which combined with a Criminal History Category of III, results in a Guideline Imprisonment Range of 78-97 months, as to Count 1. By contrast, a Base Offense Level of 26 results in a Guideline Imprisonment Range of 97-121 months, for that same count. Either scenario runs together with a fixed consecutive term of 60 months as to Count 6, for a term of 138-157 months' imprisonment at Level 26 and of 157-181 months' imprisonment at level 28, with a fine range of $25,000 to $8,000,000, plus a supervised release term of at least 8 years with regard to the drug count and 3 years of supervised release as to the firearm count, to be served concurrently with each other.

Defendant has been detained since his arrest on July 23, 2008 (Docket No. 1712). He has shown post rehabilitation efforts directed to demonstrate adjustment and desire to become a law-abiding citizen (Docket No. 3461). He has completed over 600 hours of educational courses on various topics, including over 100 hours of FEMA course works, and other victim impact and stress reduction courses. Id. at pp. 2-3. He seems to be focused on becoming a productive citizen when

---

[8] The base offense level would be either 24 or 26 because the amount of crack cocaine for which defendant accepted responsibility straddles two separate drug accountability ranges. See, U.S.G.S. §§ 2D1.1(c)(7)-(8): Level 24 (28-112); Level 26 (112-196).

<u>United States</u> v. <u>José Negrón-Cardona</u>
Criminal No. 07-453-8 (PAD)
Memorandum and Order
Page 8

he re-enters society.  There is no evidence of post-sentencing disciplinary infractions.  This conduct and rehabilitative efforts "underscore Section 3553 factors" related to defendant's character, adequate deterrence, and public protection.  <u>Abdullah</u>, 410 F.Supp.3d at 351.  All things considered, the sentence warrants a reduction under the First Step Act and is hereby reduced to 97 months for the drug offense (Count 1).  Keeping defendant incarcerated for a longer period would do little to protect the public or promote deterrence.  Not much more is likely to be achieved.

### III.   CONCLUSION

For the reasons stated, the court GRANTS defendant's motion for relief under the First Step Act and resentences him to a total of 157 months of imprisonment, corresponding to 97 months as to Count 1, followed by 60 months as to Count 6, to be served consecutively to each other.  The other terms of the original sentence remain unaltered.

**SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of May, 2020.

s/<u>Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE
